IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DYALL P. LEEWRIGHT,

                Plaintiff,

    v.                         CASE NO. 05-3471-SAC

KEN McGOVERN, Douglas
County Sheriff, et al.,

                Defendants.


**O R D E R**

This is a civil rights complaint, 42 U.S.C. 1983, filed by plaintiff while he was confined at the Douglas County Jail, Lawrence, Kansas. Plaintiff claims he was denied "religious accouterments" and publications in violation of his First Amendment rights, medical treatment and access to the courts. He seeks to have "kosher meals and other religious practices" made available; to receive publications; to possess all property, writing, legal, and hygiene materials in disciplinary segregation; to have a wisdom tooth extracted; to receive written notice within 48 hours of seized mail; and an apology from one defendant. Plaintiff has also filed motions for leave to proceed in forma pauperis and for appointment of counsel. Having considered the materials filed, the court finds as follows.

Plaintiff's initial motion for leave to proceed in forma pauperis (Doc. 2) did not include a certified statement showing the activity in his institutional account for the last six months. Plaintiff stated in his motion that he was "denied an account statement." He filed a second motion to proceed in forma

pauperis (Doc. 5), which also failed to include an account statement, but he wrote on the form motion "already sent." The court has received no account statement from plaintiff. His conclusory allegation that he was denied a statement followed by his allegation that he had sent one are not sufficient to show he is entitled to proceed without prepayment of fees. Plaintiff must submit a certified account statement or copies of requests or grievances he has filed to obtain a statement and responses he has received.

Plaintiff's motion for appointment of counsel (Doc. 4) is denied. Appointment of counsel is a matter within the court's discretion, and does not appear necessary in this case at this juncture.

Plaintiff claims that several conditions at the Douglas County Jail have violated his constitutional rights and seeks injunctive relief. Plaintiff has previously filed civil rights claims in this court and was advised he may not seek relief in federal court without first exhausting all available administrative remedies. See 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Booth v. Churner, 532 U.S. 731 (2001). Plaintiff must exhaust all steps of the administrative review process in orderly fashion and provide proof of exhaustion in the form of copies of his grievances and the jail administration's responses, or detailed

descriptions of their contents.  Plaintiff has not adequately pled in the complaint that all available administrative remedies have been fully and properly exhausted on all his claims.  His complaint may be dismissed without prejudice on this ground.

The Lawrence Journal-World newspaper reported on Tuesday, December 20, 2005, that plaintiff was freed the day before from the Douglas County Jail.  Since plaintiff is no longer subject to the conditions at the jail, his complaint appears to be moot. Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); White v. State, 82 F.3d 364, 366 (10th Cir. 1996).

Plaintiff is granted twenty (20) days to show cause why this action should not be dismissed for the foregoing reasons.  If he fails to respond in a timely fashion, this action may be dismissed without further notice.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff is granted twenty (20) days to provide an account statement in support of his motion for leave to proceed in forma pauperis; to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies; and to show cause why this action should not be dismissed as moot.

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied.

**IT IS SO ORDERED**.

Dated this 28th day of December, 2005, at Topeka, Kansas.

                                  <u>s/Sam A. Crow</u>
                                  U. S. Senior District Judge